IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DUNSTON BROWN and JOSEPHINE BROWN,

    Plaintiffs,

v.

JOHNNY RAY SPELLS, et al.,

    Defendants.

Civil Action No.
7:11-cv-91 (HL)

## ORDER

The Plaintiffs' complaint, filed on July 1, 2011, alleges that the Plaintiffs suffered injuries due to a car accident occurring between Defendant Johnny Spells' vehicle and the Plaintiffs' rental vehicle. The complaint further asserts that Defendant Enterprise Leasing Company of Georgia, LLC ("Enterprise") issued an automobile insurance policy to the Plaintiffs, but failed to perform under the policy when it did not pay the Plaintiffs' medical expenses and benefits. The Plaintiffs are proceeding pro se.[1]

The asserted basis for the Court's subject matter jurisdiction is diversity jurisdiction.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the diversity jurisdictional requirements in this case have been

---

[1] They have paid the entire $350 filing fee, so they are not seeking to proceed in forma pauperis.

satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (requiring that a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion)

Having concluded that the requirements have not been satisfied, the Court orders the Plaintiffs to come forward with evidence showing that diversity jurisdiction is present.

## I.  DIVERSITY JURISDICTION

Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### A. Diversity of Citizenship

A party must distinctly and affirmatively plead citizenship. Tucker v. Thomasville Toyota, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id. at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. Id.

A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is not determined in the

2

same manner as a corporation. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.

The Plaintiffs' complaint fails to plead that the Plaintiffs are citizens of New York; instead it only alleges that they are residents of New York. The complaint fails to allege that Defendant Johnny Ray Spell is a citizen of Georgia, stating only his state of residency. The complaint does not allege where Defendant Johnny's Towing Inc. is incorporated or where its principle place of business is. As for Defendant Enterprise, the complaint only states that it is a licensed company in the state of Georgia. The complaint has not listed the citizenship of all the members of the limited liability company.

The Plaintiffs may file evidence establishing the citizenship of the parties. If the Plaintiffs do so and the evidence shows that no Plaintiff is of the same citizenship of any Defendant, then the Court will find that there is complete diversity between the parties.

### B. Amount in Controversy

The Plaintiffs' complaint does not contain any assertions that they incurred damages in excess of $75,000. The only allegations regarding damages are that they suffered "bodily injury as well as shock to their nervous system." The Plaintiffs are "sick, sore, lame, and disabled." They have incurred hospital expenses. They have not shown what medical expenses and benefits Defendant Enterprise has failed to pay.

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.").

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute

4

speculation, which is insufficient to satisfy the plaintiff's burden. Bradley v. Kelly Servs., Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007).

In this case, the Plaintiff is asking for an indeterminate amount in damages because they have not placed a dollar value on any of their claims. Thus, it is now incumbent upon them to come forward with evidence sufficient to show by a preponderance of the evidence that their claims meet the jurisdictional minimum.

To show the damages they have suffered, the Plaintiffs are to present evidence on the amount of their claimed damages. If they fail to support their claims with evidence on the amount of the damages, the complaint will be dismissed for lack of jurisdiction.[2]

Accordingly, the Plaintiffs are ordered to file with this Court, no later than August 1, 2011 evidence sufficient to show by a preponderance of the evidence that their claims exceed more than $75,000 and that complete diversity exists. The Plaintiffs shall file a brief with exhibits. The Defendants have until August 15, 2011 to respond. If the Plaintiffs wish to file a reply, then they must seek the Court's permission to do so.

---

[2]Sometimes the allegations in a complaint for indeterminate damages facially establish the jurisdictional requirements. In those cases, a Court relies on its judicial experience and common sense to determine that the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010). In this case, however, the allegations in the complaint lead the Court nowhere. The possible range of damages is large. The Court cannot tell from the complaint how bad the injuries are. To estimate the amount of damages would be to speculate. Thus, the Court is providing the Plaintiffs an opportunity to support their claims with facts showing that the amount in controversy exceeds $75,000.

The Court's Rules 16/26 Order will not issue until the Court determines it has subject matter jurisdiction over the case.

**SO ORDERED**, this the 11th day of July, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc