IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DUNSTON BROWN and JOSEPHINE BROWN, : : : | |
| Plaintiffs, : : | Civil Action No. |
| v. : : | 7:11-cv-91 (HL) |
| JOHNNY RAY SPELLS, et al., : : | |
| Defendants. : | |

_____

## ORDER

On July 1, 2011, Plaintiffs filed a complaint in the Middle District of Georgia, Valdosta Division, seeking damages in a personal injury action. The complaint alleged that Plaintiffs were injured as a result of Defendant Johnny Spells' negligent driving. Further, Plaintiffs alleged that Defendant Enterprise Leasing Company of Georgia, LLC ("Enterprise") is liable for breach of contract for failure to perform under the rental policy by declining to pay Plaintiffs' medical expenses.

The Court's review of the initial complaint revealed that the pleading did not correctly establish federal subject matter jurisdiction. Thus, the Court issued an Order on July 11, 2011 directing Plaintiffs to amend the complaint so as to properly plead federal diversity jurisdiction. The Court specifically directed Plaintiffs to address pleading problems with the citizenship of parties and the amount in controversy.

Plaintiffs submitted an amended complaint on August 1, 2011. While the problems with citizenship were remedied, Plaintiffs again failed to sufficiently state the amount in controversy. Proper subject matter jurisdiction is paramount in federal court, and therefore, because Plaintiffs have twice been unable to establish the amount in controversy, this case must be dismissed for a lack of federal jurisdiction.

## I. Federal Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction. The first method requires the existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Thus, a diversity action has two distinct

requirements: (1) an amount greater than $75,000, and (2) complete diversity of citizenship.

### a. **Amount in Controversy Requirement**

The amount in controversy must be stated with particularity and in good faith, and dismissal is justified if it appears to a "legal certainty" that the claim is for less than $75,000. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938). However, "where jurisdiction is based on a claim for indeterminate damages, the 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

Specific evidence of the amount in controversy is considered along with any "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the requirements for federal subject matter jurisdiction are met. Id. at 754. To clear the jurisdictional hurdle, these deductions and inferences must plainly demonstrate that the damages sought are "sufficiently measureable and certain to satisfy the … amount in controversy requirement." Morrison, 228 F.3d at 1268-69 (citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221 (11th Cir. 1997)).

Unfortunately, in this case, Plaintiffs have failed to give the Court any evidence – either direct or inferred – that establishes the amount in controversy. The amended complaint, much like the original complaint, gives no indication of the extent of injuries suffered or the amount of medical expenses incurred. Plaintiffs claim that they were "thrown violently inside their vehicle and were caused to sustain and did suffer serious bodily injuries as well as shock to their nervous system." Plaintiffs allege that, as a result of the accident, they have become "sick, sore, lame, and disabled" after suffering "great pain, agony, and mental anguish." Both Plaintiffs contend they have incurred hospital expenses in the past and will continue to incur these expenses into the future. Additionally, Plaintiffs claim to have been "deprived of […] pursuits and interests … and [they] will continue to be deprived of such pursuits, which will have a lasting effect upon [their] life."

Plaintiffs twice allege in the amended complaint that the matter in controversy exceeds $75,000, but the allegations take the form of mere cursory statements, devoid of fact or reason. Plaintiffs' injuries are described loosely, but lack the specificity that would allow the Court to calculate the damages suffered. These allegations, without any additional information, do not meet the Plaintiffs' burden of establishing the amount in controversy by a preponderance of the evidence.

II. **Conclusion**

Without a properly alleged amount in controversy, a complaint is "fatally defective, as far as diversity jurisdiction is concerned." <u>Road v. Anderson Trucking Service Inc.</u>, No. 7:07-cv-185, 2007 WL 4097321, at *2 (M.D. Ga. 2007) (citations omitted). In this case, Plaintiffs have had not one chance, but two chances, to plead the amount in controversy properly. The cursory statements submitted by Plaintiffs alleging that their injuries meet the $75,000 requirement are insufficient to establish the amount in controversy by a preponderance of the evidence.

Very simply, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." <u>University of South Alabama</u>, 168 F.3d at 410. Therefore, this case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED**, this the 24th day of August, 2011.

<u>s/ Hugh Lawson</u>
**HUGH LAWSON, SENIOR JUDGE**

ebr