IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DUNSTON BROWN and JOSEPHINE BROWN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. |
| v. | : | 7:11-cv-91 (HL) |
| | : | |
| JOHNNY RAY SPELLS, et al., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

On August 24, 2011, the Court dismissed this case for lack of subject matter jurisdiction because of Plaintiffs' failure to properly plead the amount in controversy (Doc. 9). In response, Plaintiffs have filed a Motion to Vacate, Reconsider, and Amend the Complaint ("Motion to Amend") (Doc. 10). For the reasons set forth below, this Motion is granted.

### I.    Background

In their initial Complaint (Doc. 1), Plaintiffs, who at that point were proceeding pro se, neglected to state the amount in controversy, a requirement for federal diversity jurisdiction. In an attempt to remedy the jurisdictional deficiencies in the Complaint, the Court ordered Plaintiffs "to come forward with evidence showing that diversity jurisdiction is present" (Doc. 6). However, the Amended Complaint, which was submitted by counsel retained by Plaintiffs, simply stated "[t]he matter in controversy exceeds, exclusive of interest and

costs, the sum of $75,000.000" (Doc. 7). This statement, standing alone, failed to

properly plead the amount in controversy. As a result, the Court dismissed the

case for failure to establish federal subject matter jurisdiction.

II.   **Analysis**

In their Motion to Amend, Plaintiffs argue that the Court should amend the

judgment under Rule 59(e) or provide relief from the judgment under Rule 60(b).[1]

These rules are similar in function, as "the drafters of the rules included Rule 59

and 60 specifically to provide a mechanism for those situations in which relief

must be obtained after judgment." 16A CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1489 (4th ed. 2011). The primary difference

between the two rules is that Rule 59(e) tolls the time for the filing of an appeal,

while Rule 60(b) will not toll the time for filing. Id. at § 3950.4.

When it is unclear whether a situation is governed by Rule 59(e) or Rule

60(b), the Eleventh Circuit has recognized two methods to determine which rule

is applicable. Mahone v. Ray, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003). First,

the court has recognized a "substantive/collateral distinction" that can dictate

whether Rule 59 or 60 is appropriate. Id. (citing Finch v. City of Vernon, 845 F.2d

256, 258 (11th Cir. 1988)). Pursuant to this distinction, Rule 59 applies only to

"motions for reconsideration of matters encompassed in a decision on the merits

---

[1] Plaintiffs also cite to Rule 15, however, this rule does not apply after the dismissal of a
complaint and the entry of final judgment. See Friedman v. Market Street Mortg. Corp.,
520 F.3d 1289, 1292 n. 4 (11th Cir. 2008); United States ex rel Atkins v. McInteer, 470
F.3d 1350, 1361 & n. 22 (11th Cir. 2006).

of the dispute, and not matters collateral to the merits." Id. Rule 60 would therefore be used in those situations where Rule 59(e) does not apply.

The other method recognized by the Eleventh Circuit distinguishes between Rule 59 and Rule 60 on the basis of the time when the moving party files its motion. Id.; see also Finch, 845 F.2d at 258-59 (citing Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-70 (5th Cir. 1986); Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978)). The text of Rule 59(e) states that "a motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." FED. R. CIV. P. 59(e). Thus, applying the time-based method, if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework. If the motion is filed after the twenty-eight window has passed, then Rule 60 should be applied.[2]

Here, the Court's Order dismissing the case for lack of subject matter jurisdiction was filed on August 24, 2011. The Plaintiffs' Motion to Amend was filed with the Court on September 13, 2001, twenty days after the Court's Order. This is well within the twenty-eight day window allowed by Rule 59(e), and therefore the Court will analyze the Plaintiffs' Motion under Rule 59.

Rule 59(e) permits a court to alter or amend a judgment, "but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v.

---

[2] As of December 1, 2009, the time limit for filing under Rule 59(e) has been expanded from ten days to twenty-eight days. See Fed. R. Civ. P. 59(e) (2011). Thus, older cases that mention a ten-day deadline should be interpreted in light of the 2009 extension.

Baker, 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605 (2008) (internal citations omitted).

The moving party must do more than merely ask the court for a reevaluation of

an unfavorable ruling. To justify the amendment of a judgment under Rule 59(e),

the moving party is required to present a showing of "newly-discovered evidence

or manifest error of law or fact." Jacobs v. Tempu-Pedic Intern., Inc., 626 F.3d

1327, 1344 (11th Cir. 2010). "Reconsidering the merits of a judgment, absent a

manifest error of law or fact, is not the purpose of Rule 59." Id.

In this case, Plaintiffs argue that "newly discovered evidence supports

Plaintiffs' original claims and exceeds the minimum requirements of this Court's

subject matter jurisdiction." (Doc. 10, p. 4.) Plaintiffs have submitted to the Court

a comprehensive surgery estimate from Peachtree Orthopaedic Clinic ("the

Clinic"), received by Plaintiffs on September 12, 2011. (Doc. 10, p. 21-23.) The

Clinic estimates that treatment for Plaintiffs' injuries will be $100,477.00. Plaintiffs

also present evidence of liens against the Plaintiffs by their insurance company in

the combined amount of $24,398.12. (Doc. 10, p. 24.) Thus, the evidence

submitted by Plaintiffs demonstrates potential damages amounting to

$124,875.12. Plaintiffs argue that the surgery estimates from the Clinic and the

evidence of the insurance liens constitute new evidence that justifies amending

the judgment under Rule 59(e).  Additionally, Plaintiffs appeal to the Court's

sense of justice and point out that the statute of limitations has run in this case,

and if the Court declines to amend the judgment, Plaintiffs will be without a

remedy for the harm they allegedly suffered.

The new evidence of damages, paired with the harsh consequence that would result if the Court declines to reopen the case, persuades this Court to grant the Plaintiffs' Motion to Amend under Rule 59(e). However, the Court finds it important to note that its decision is based in part on an assumption that the Clinic's estimate of $100,477.00 in damages represents prospective medical expenses, arguably unknown to Plaintiffs at the time the Amended Complaint was filed. Plaintiffs informed the Court that the estimates were received on September 12, 2011, and the Court assumes that this date marks the first time Plaintiffs received a formal estimate of medical damages suffered as a result of their physical injuries.

Despite Plaintiffs initial failure to properly plead the amount in controversy, the Court finds that the Plaintiff has now properly established federal subject matter jurisdiction, and this case can proceed.

**SO ORDERED,** this 30th day of September, 2011.


*/s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE


ebr