# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

DUNSTON BROWN and JOSEPHINE BROWN,

    Plaintiffs,

    v.

JOHNNY RAY SPELLS and JOHNNY'S TOWING, INC.,

    Defendants.

Civil Action No. 7:11-cv-91 (HL)

## ORDER

Before the Court is Defendants' Motion to Exclude Plaintiffs' Expert Witness Francis Willard Rushing (Doc. 34-1). In their Motion, Defendants contend that Plaintiffs did not properly identify Dr. Rushing before the May 16, 2012 deadline for identifying experts. Defendants argue that it was not until July 5, 2012 that Plaintiffs identified Dr. Rushing and produced his signed expert report, CV, list of publications and cases, and fee schedule. Because of the belated identification, Defendants argue that Dr. Rushing should be excluded.

In response, Plaintiffs contend that they disclosed the use of an economic expert in a timely manner. On February 14, 2012, Plaintiffs identified three expert witnesses: (1) Dr. Augustine Conduah; (2) Dr. Obi Ugwonali; and (3) Tinari Economics Group. Plaintiffs argue that Dr. Rushing, who was identified over four months later, was a substitute for Tinari Economics Group. Plaintiffs state that

Tinari Economics Group was too expensive to retain, justifying their substitution of Dr. Rushing.

Plaintiffs argue that Defendants were aware of their intent to include an economic expert and that Defendants gave permission to Plaintiffs to file the supplemental expert report on July 5, 2011. Plaintiffs contend that there is no prejudice to Defendants by adding Dr. Rushing on July 5 as opposed to May 4. Thus, Plaintiffs argue that Dr. Rushing should be allowed to testify.

Plaintiffs' argument misses the mark. First, there is no evidence, aside from Plaintiffs' own assertions, that Defendants agreed to an extension of time for Plaintiffs to file an expert report. Defendants vehemently deny granting any such extension. Second, Plaintiffs' argument that Dr. Rushing is a substitute for Tinari Economics Group is meritless. Under Federal Rule of Civil Procedure 26, a party must disclose the identity of an expert witness in a timely manner. The Rule does not allow for the disclosure of a type of witness; instead, the Rule mandates that the specific identity of a witness be disclosed. Even if a substitution was permissible, which it is not, Tinari Economics Group was never properly identified. Plaintiffs failed to submit the requisite Rule 26 report that must be presented when an expert is identified.

Finally, and most importantly, the addition of an expert almost two months after the deadline for Plaintiffs' expert disclosures violates this Court's own express instructions. The schedule for designating expert witnesses was clearly laid out in the Scheduling and Discovery Order (Doc. 19) and the Order granting

2

an extension of time (Doc. 29). As shown in <u>Gibbs Patrick Farms, Inc. v. Syngenta Seeds, Inc.</u>, this Court takes the deadlines set in the scheduling order seriously and does not allow parties to seek relief after a deadline has passed absent extenuating circumstances. 2007 WL 1412656 (M.D. Ga. May 10, 2007) (nothing that "[s]etting aside Plaintiff/Third Party Plaintiffs' excuses about *why* they did so or how the failure was harmless, it is clear they failed to comply with the dictates of the Federal Rules of Civil Procedure and this Court's own express direction.").

Based on the reasons stated above, this Court finds that Plaintiffs' designation of Dr. Rushing was not done in accordance with the Federal Rules of Civil Procedure and the rules of this Court. Therefore, Defendants' Motion to Exclude Plaintiffs' Witness (Doc. 34) is granted. Dr. Rushing shall not be included in this case as an expert witness.

**SO ORDERED**, this 24th day of September, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr